IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-61,600-04






EX PARTE HELIBERTO CHI, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. 0805594A FROM THE


CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY





 Price, J., filed a concurring statement.


CONCURRING STATEMENT



 The applicant is a Honduran national. In this, his second subsequent post-conviction
application for writ of habeas corpus, the applicant alleges for the first time that he cannot
be executed without violating mandatory obligations mutually undertaken between the
United States and Honduras under the Bilateral Treaty of Friendship, Commerce and
Consular Rights with Honduras. (1) He argues that this particular treaty, unlike the treaties at
issue in Medellin v. Texas, (2) are self-executing. He also argues that they confer individual
rights. He argues that, under the Supremacy Clause, (3) the treaty obligations undertaken by
the United States in the Treaty of Friendship, Commerce and Consular Rights with Honduras
are binding upon and enforceable in our domestic courts, and should trump any contrary state
law. Among those treaty obligations is the obligation to afford Honduran nationals in this
country "that degree of protection that is required by international law." This, he asserts,
incorporates the protection of the Vienna Convention on Consular Relations, (4) which includes
the interpretation of Section 36 of the Vienna Convention which was issued by the
International Court of Justice in the Avena decision. (5)

 Assuming that the treaty that the applicant now invokes is indeed self-executing, and
that it actually confers individually enforceable rights upon Honduran nationals in the United
States, the applicant still faces an insurmountable burden in raising this claim for the first
time in a subsequent writ application. Under the Supreme Court's opinion in Sanchez-Llamas v. Oregon, (6) unless the treaty in question contains "a clear and express statement to

the contrary, the procedural rules of the forum State govern the implementation of the treaty
in that State." (7) Thus, notwithstanding the applicant's Supremacy Clause argument, we are
bound by Article 11.071, Section 5's restrictions on subsequent post-conviction habeas
corpus applications absent "a clear and express statement" in the Treaty of Friendship,
Commerce and Consular Rights with Honduras to the contrary. (8) The applicant does not
direct us to any statement in the treaty that I would regard as a "clear and express" indication
that our abuse-of-the-writ provisions (or any other state doctrine of procedural default)
should not apply.

 In the alternative, the applicant argues that he satisfies Section 5 of Article 11.071
because of language in Medellin v. Texas suggesting that the Treaty of Friendship,
Commerce and Consular Relations between the United States and Honduras is, in fact, self-executing and that, as such, it is enforceable in our domestic courts. (9) He contends that this
observation in Medellin constitutes a newly available legal basis for decision under Article
11.071, Section 5(d). But that part of the Medellin opinion to which the applicant alludes
does not seem to announce a new legal doctrine that was "not recognized by or could not
have been reasonably formulated from a final decision of" any of our domestic appellate
courts. Indeed, it seems apparent from the case law cited by the Supreme Court at this point
in its opinion that the law before Medellin was sufficiently clear that we may very well have
regarded the treaty that the applicant now invokes as self-executing, and (assuming we also
found that it confers an individually enforceable right) thus, enforceable in the courts of
Texas had he raised the claim timely at the first available opportunity. But he did not, and
we are therefore constrained by the statutory abuse-of-the-writ doctrine.

 With these additional observations, I join the Court's order.


Filed: August 6, 2008

Do Not Publish









1. 45 Stat 2618, 1928 WL 26688 (U.S. Treaty)
2. ___ U.S. ___, 128 S.Ct. 1346 (2008).
3. U.S. Const. art. II, § 2, cl. 2.
4. Apr. 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820.
5. Case Concerning Avena and Other Mexican Nationals (Mex. v. U.S.), 2004 I.C.J. No. 128
(Judgment of Mar. 31).
6. 548 U.S. 331 (2006).
7. Id. at 351, quoting Breard v. Greene, 523 U.S. 371, 375 (1998).
8. Tex. Code Crim. Proc. art. 11.071, § 5.
9. 128 S.Ct. at 1365-66.